## In the Matter of Bretz
### [Cite as 8 AOA 218]

*Case No. CA-419*
*Holmes County, (5th)*
*Decided December 12, 1990*

*Thomas C. Douglas, 136 E. Market Street, Orrville, Ohio 44667, for Appellant.*

*F. Christopher Oehl, Ass't Prosecuting Attorney, Holmes County, Ohio, 13 S. Monroe Street, Millersburg, Ohio 44654, for Appellee.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas, Juvenile Division, of Holmes County, Ohio, that found that Elizabeth Ann Bretz (Elizabeth) is an abused and dependent child, and awarded temporary custody to the Holmes County Department of Human Services (DHS). Appellant is Sharon Adkins (appellant), Elizabeth's mother.

Elizabeth, age thirteen, resided with appellant and her stepfather in Holmes County. Elizabeth's natural father is deceased. On February 13, 1990, the DHS took Elizabeth into custody after she telephoned an abuse hot line and reported that appellant had beaten her with a belt. At the adjudicatory

hearing, Elizabeth testified that appellant and her stepfather had a history of physically abusing her. Elizabeth testified that on February 12, 1990, appellant had struck her face repeatedly with her fist, had beaten her legs with a belt, and had threatened her. Appellant admitted beating Elizabeth with the belt, but denied striking her in the face. Appellant described Elizabeth as unruly, and testified that she resorted to corporal punishment only after other methods of discipline had failed. The stepfather admitted that part of what Elizabeth had alleged he had done was true, but denied other parts of Elizabeth's allegations. Appellant assigns three errors to the trial court:

"1. THE ACTION OF A PARENT STRIKING HIS CHILD WITH A BELT FOR CORPORAL PUNISHMENT OR DISCIPLINARY PURPOSES IS NOT IN AND OF ITSELF PROHIBITED BY OHIO REVISED CODE 2929.22.

"2. THE TRIAL COURT'S APPARENT FINDING THAT THE MOTHER OF THE CHILD STRUCK HER IN THE EYE WITH HER FIST IS NOT SUPPORTED BY THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

"3. THE TRIAL COURT'S FINDING THAT ELIZABETH ANN BRETZ IS A DEPENDENT CHILD IS NOT SUPPORTED BY THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

R.C. 2151.031 states in pertinent part:
"As used in this chapter, an 'abused child' includes any child who:

"(C) Exhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it. Except as provided in division (D) of this section, a child exhibiting evidence of corporal punishment or other physical disciplinary measure by a parent, guardian, custodian, person having custody or control, or person in loco parentis of a child is not an abused child under this division if the measure is not prohibited under section 2919.22 of the Revised Code."

R.C. 2919.22 states:
"(A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age... shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support....

"(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

"(1) Abuse the child;
"(2) Torture or cruelly abuse the child;
"(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child;
"(4) Repeatedly administer unwarranted disciplinary measures to the child, when there is a substantial risk that such conduct, if continued, will seriously impair or retard the child's mental health or development;"

Appellant argues that the acts complained of were disciplinary measures and were not excessive or likely to cause serious physical harm to Elizabeth. She notes that the record contains references to bruising on Elizabeth's legs and to a "black eye." No photographs were taken and DHS did not take Elizabeth to a doctor. Appellant denies responsibility for the black eye.

The trial court did not expressly find that appellant struck Elizabeth in the face, and we cannot determine from this record exactly what acts of abuse it believed had occurred. The trial court found Elizabeth was abused and dependent, and opined that striking a child with a belt is in and of itself abusive.

The statute prohibits corporal punishment that is excessive given the circumstances, and creates a substantial risk of serious harm. The trial court was incorrect as a matter of law in holding that this punishment was *per se* abusive. The trial court must consider the circumstances, for example, the age of the child, her response to non-corporal punishment in the past, and the behavior being punished.

Because we find that the trial court did not apply the statutory analysis, we vacate the finding that Elizabeth was abused and

dependent, and remand the cause to the trial court for further proceedings in accord with law and not inconsistent with this opinion.

The first assignment of error is sustained. The second and third assignments of error are overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Holmes County, Ohio, is vacated, and the cause is remanded to that court for further proceedings.

GWIN, P.J., and PUTMAN, J., concur.